IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


RICHARD ANTHONY JENKINS,                    09-CV-900-BR

          Plaintiff,

                                   OPINION AND ORDER

v.

LIEUTENANT GOLDSTON, OFFICER
GRAVES, and INSPECTOR PLANT,

          Defendants.


RICHARD ANTHONY JENKINS
# 8772908
Snake River Correctional Institution
777 Stanton Blvd
Ontario, OR 97914

          Plaintiff, *Pro Se*

JOHN KROGER
Attorney General
KRISTIN A. WINGES-YANEZ
Assistant Attorney General
State of Oregon Department of Justice
1162 Court Street, N.E.
Salem, OR 97301
(503) 947-4700

          Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#29) for Summary Judgment.  For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DISMISSES** this matter **with prejudice**.


## BACKGROUND

Plaintiff Richard Anthony Jenkins is an inmate at Snake River Correctional Institution (SRCI).  On January 14, 2009, Defendant Correctional Officer Plant searched Plaintiff's cell and found a weapon made from the earpiece of a pair of eyeglasses lying on a table in the cell.  Defendant Correctional Officer W. Graves "secured" the glasses and issued a misconduct report on January 14, 2009, to Plaintiff for violation of SRCI's Inmate Rule of Prohibited Conduct 4(j)(Possession of a Dangerous/Deadly Weapon) and Rule 5 (Attempt and Conspiracy).  Also on January 14, 2009, Defendant Lieutenant Goldston reviewed the misconduct report; concluded the modified eyeglasses were a weapon that could be a threat to Plaintiff, other inmates, and staff; and placed Plaintiff in segregation during the investigation of the incident and pending a hearing on the matter.

On January 15, 2009, the matter was scheduled for a hearing on January 21, 2009, and Plaintiff was notified of the hearing date.

On January 21, 2009, Hearings Officer Ron Myers opened the
disciplinary hearing and read the charges against Plaintiff.
Plaintiff denied the charges.  Officer Myers noted the evidence
reflected Plaintiff's cellmate admitted to sharpening the
earpiece of the glasses.  Officer Myers, therefore, dismissed all
charges against Plaintiff, and Plaintiff was released from
segregation.

On August 5, 2009, Plaintiff filed an action in this Court
pursuant to 42 U.S.C. § 1983 in which he alleges Defendants
(1) violated Plaintiff's right to substantive due process under
the Fourteenth Amendment to the United States Constitution when
they placed him in segregation for one week while investigating
the incident and while Plaintiff awaited a hearing, (2) violated
Plaintiff's right to be free from cruel and unusual punishment
under the Eighth Amendment to the United States Constitution when
they placed him in segregation for one week while investigating
the incident and while Plaintiff awaited a hearing, and
(3) violated Plaintiff's right to be free from cruel and unusual
punishment under the Eighth Amendment when they denied him
medical care for three days while he was in segregation.

On May 3, 2010, Defendants filed a Motion for Summary
Judgment.  On June 18, 2010, Plaintiff filed a Motion to Compel
Discovery.  On June 25, 2010, the Court stayed Defendants' Motion
for Summary Judgment pending a decision on Plaintiff's Motion to

Compel Discovery.

On September 29, 2010, the Court issued an Order denying Plaintiff's Motion to Compel Discovery.  The Court took Defendant's Motion for Summary Judgment under advisement on October 13, 2010.

## STANDARDS

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact.  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial.  *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Id.*  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues."  *Easter v. Am. W. Fin.*, 381 F.3d 948, 957

4 - OPINION AND ORDER

(9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

## DISCUSSION

I.      **Section 1983**

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the
party injured in an action at law, suit in equity,
or other proper proceeding for redress.

"In order to survive a motion for summary judgment on a

§ 1983 claim, the plaintiff must establish a genuine issue of

material fact that the defendant (1) acted under the color of

state law, and (2) deprived him of a constitutional right."

*Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009)

(citing *Levine v. City of Alameda*, 525 F.3d 903, 905 (9th Cir.

2008).  State officials or municipalities are liable for

deprivations of life, liberty, or property that rise to the level

of a "constitutional tort" under the Due Process Clause of the

Fourteenth Amendment.  *Johnson v. City of Seattle*, 474 F.3d 634,

638 (9th Cir. 2007).

## II. Plaintiff has not established Defendants violated his right to substantive due process under the Fourteenth Amendment to the United States Constitution.

Plaintiff contends Defendants violated his right to

substantive due process under the Fourteenth Amendment when they

placed him in temporary segregation for a week while he awaited a

hearing on Defendants' misconduct report because Plaintiff's

cellmate ultimately confessed to sharpening the earpiece of the

glasses.

Claims alleging violations of substantive due process

generally challenge allegedly "arbitrary, wrongful government

6 - OPINION AND ORDER

actions 'regardless of the fairness of the procedures used to
implement them.'" *Hess v. Bd. of Parole and Post-Prison
Supervision*, 514 F.3d 909, 913 (9th Cir. 2008)(quoting *Zinermon
v. Burch*, 494 U.S. 113, 125 (1990)). *See also Arguijo* v. *Dennis,*
No. 07-CV-1908-BR, 2009 WL 393957, at *3 (D. Or. Feb. 2,
2009)(same). Changes in prison conditions that are so severe "as
to affect the sentence imposed in an unexpected manner implicate
the Due Process Clause." *Chhoun v. Woodford,* No. C 03 3219 SI,
2005 WL 1910930, at *5 (N.D. Cal. Aug. 10, 2005)(citing *Sandin v.
Conner*, 515 U.S. 472, 484 (1995)). The Supreme Court has held
substantive due process requires only that prison officials have
"some evidence" to support the disciplinary action taken.
*Superintendent v. Hill*, 472 U.S. 445, 454 (1985). The Ninth
Circuit has explained: "Under *Hill*, we do not examine the entire
record, independently assess witness credibility, or reweigh the
evidence; rather, 'the relevant question is whether there is any
evidence in the record that could support the conclusion.'"
*Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003)(quoting *Hill*,
472 U.S. at 455). "The fundamental fairness guaranteed by the
Due Process Clause does not require courts to set aside decisions
of prison administrators that have some basis in fact." *Hill*,
472 U.S. at 456.

        As noted, Defendants ultimately concluded Plaintiff did
not violate the prison regulation against possession of a

7 - OPINION AND ORDER

dangerous or deadly weapon.  Nevertheless, Defendants were only able to reach that conclusion after a thorough investigation of the matter.  The report of Officer Graves constituted "some evidence" and provided "some basis in fact" for Defendants to segregate Plaintiff until Defendants could investigate the matter thoroughly.

In *Resnick v. Hayes*, the Ninth Circuit held the plaintiff, an inmate, did not have any "protected liberty interest" under the Due Process Clause "in being free from confinement in the [Special Housing Unit] pending his disciplinary hearing."  213 F.3d 443, 445 (9th Cir. 2000). Similarly, Plaintiff here has not established he has any liberty interest protected under the Due Process Clause in being free from confinement in segregation pending his disciplinary hearing. In addition, the Supreme Court noted in *Sandin* that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law."  515 U.S. 472, 485 (1995).  Accordingly, for an inmate's segregation to constitute the deprivation of a liberty interest in violation of the inmate's substantive due-process rights, the inmate must establish such segregation "present[s] the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."  *Id*. at 486. Plaintiff, however, has not established his segregation created

8 - OPINION AND ORDER

conditions that differed materially from those imposed on inmates in the general population.  The Court, therefore, finds Plaintiff's one-week segregation did not present "the type of atypical, significant deprivation [that] might conceivably create a liberty interest," and, thus, it did not violate his right to substantive due process.

Finally, Plaintiff has not established the duration of his time in segregation constitutes a violation of his liberty interest under the Due Process Clause.  In *Sandin* the Supreme Court concluded a 30-day stay in segregation did not impose an atypical, significant hardship on the inmate.  *Id*. at 484.

On this record, the Court concludes Defendants did not violate Plaintiff's substantive due-process rights when they placed Plaintiff in segregation for one week while they investigated the circumstances underlying the misconduct report and while Plaintiff awaited a hearing.  Accordingly, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's substantive due-process claim.

**III.    Plaintiff has not established Defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.**

Plaintiff contends Defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment when they placed him in segregation while Plaintiff awaited a hearing and when they failed to provide him with medical care for

9 - OPINION AND ORDER

three days while he was in segregation.

A.        **Standards**

"The [United States] Constitution does not
mandate comfortable prisons, but neither does it permit inhumane
ones, and . . . the treatment a prisoner receives in prison and
the conditions under which he is confined are subject to scrutiny
under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825,
832 (1994)(quotations omitted). "[T]he Eighth Amendment . . .
imposes duties on [prison] officials, who must provide humane
conditions of confinement; . . . ensure that inmates receive
adequate food, clothing, shelter, and medical care, and must take
reasonable measures to guarantee the safety of the inmates." *Id*.
at 832-33 (quotations omitted).

"[A] prison official violates the Eighth
Amendment only when two requirements are met. First, the
deprivation alleged must be, objectively, sufficiently serious,
[*i.e.*,] a prison official's act or omission must result in the
denial of the minimal civilized measure of life's necessities."
*Id*. at 834 (quotations omitted). Second "a prison official must
have a sufficiently culpable state of mind. In prison-conditions
cases that state of mind is one of deliberate indifference to
inmate health or safety." *Id*. (citations and quotations
omitted).

**B.      Plaintiff has not established Defendants violated his rights under the Eighth Amendment when they placed him in segregation for a week while he awaited a hearing.**

As noted, Plaintiff contends Defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment when they placed him in segregation while he awaited a hearing on his disciplinary report.

Even though the Eighth Amendment protects against cruel and unusual punishment, it does not apply when prisoners are inconvenienced or suffer *de minimis* injuries.  *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992)(Eighth Amendment excludes from constitutional recognition *de minimis* uses of force)."

> In proving that plaintiff's alleged deprivation of rights . . . was a violation of the Eighth Amendment, an inmate must establish that there was some degree of actual or potential injury, and that society considers the conduct at issue to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to those acts.

*Nash v. Robinson*, No. 09-5178RBL/JRC, 2010 WL 4852199, at *6 (W.D. Wash. Nov. 1, 2010)(citing *Helling v. McKinney*, 509 U.S. 25 (1993)).  In *Sommers v. Thurman*, the Ninth Circuit examined a number of cases in which courts concluded a plaintiff's Eighth Amendment rights had been violated:

> In *McMillian*, for example, prison guards punched an inmate in the mouth, eyes, chest, and stomach while another officer held the inmate in place and kicked and punched him from behind.  *McMillian*, 503 U.S. at 4, 112

S. Ct. at 997-09.  The prisoner suffered swelling of
the face, mouth, and lip, and the blows loosened his
teeth and cracked his dental plate.  *Id*.  This
egregious conduct was sufficient to state an Eighth
Amendment claim.  *See also McCord v. Maggio*, 927 F.2d
844, 848 (5th Cir. 1991)(Eighth Amendment violation
when a prisoner was forced to live and sleep for two
years in an unlit cell with backed up sewage and
roaches); *Fruit v. Norris*, 905 F.2d 1147, 1150 (8th
Cir. 1990)(Eighth Amendment violation when prison
officials compelled inmates to work inside the prison's
sewage lift-pump station without protective clothing
and equipment); *Parrish v. Johnson*, 800 F.2d 600, 605
(6th Cir. 1986)(Eighth Amendment violation when prison
guard assaulted paraplegic inmate with a knife and
forced him to sit in his own feces); *Vaughan v.
Ricketts*, 859 F.2d 736, 741 (9th Cir. 1988)(prison
officials not entitled to qualified immunity regarding
inmate's Eight Amendment claim where untrained medical
assistants performed digital rectal cavity searches on
unsanitary table in view of other prison personnel);
*Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078,
1083 (5th Cir.1991)(forfeiture of adequate food for
significant periods of time is a "form of corporal
punishment" forbidden by the Eighth Amendment); *French
v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985)
(concluding kitchen and food storage areas unsanitary
and unconstitutional); *Hoptowit v. Spellman*, 753 F.2d
779, 784 (9th Cir. 1985)(inadequate "ventilation and
airflow" violates Eighth Amendment if it "undermines
the health of inmates and the sanitation of the
penitentiary"); *Spain v. Procunier*, 600 F.2d 189, 199
(9th Cir. 1979)(Eighth Amendment is violated where
prison officials completely deny exercise to some
prisoners and limit the remaining population to less
than five hours indoor exercise per week).

109 F.3d 614, 623 (9th Cir. 1997).  *See also Hearns v.* Terhune,

413 F.3d 1036 (9th Cir. 2005)(allegations of serious health

hazards in disciplinary segregation yard for a period of nine

months, including toilets that did not work; sinks that were

rusted and stagnant pools of water infested with insects; and a

lack of cold water even though the temperature in the prison yard

exceeded 100 degrees were enough to state a claim of
unconstitutional prison conditions).

Here Plaintiff has not established his one-week
placement in segregation created conditions that violated
contemporary standards of decency.  In fact, Plaintiff's one-week
confinement was similar to those cases in which courts held there
was not any violation of the Eighth Amendment.  *See, e.g.,*
*Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir.
1995)(temporary placement in safety cell that was dirty and
smelled bad did not constitute infliction of pain), *amended by* 75
F.3d 448 (9th Cir. 1995); *Hernandez v. Denton*, 861 F.2d 1421,
1424 (9th Cir. 1988)(allegation that inmate slept without
mattress for one night is insufficient to state Eighth Amendment
violation), *vacated on other grounds by* 493 U.S. 801 (1989);
*Chhoun*, 2005 WL 1910930, at *10 (one-week deprivation of access
to legal materials was not sufficient to establish a violation of
the plaintiff's Eighth-Amendment rights).

Viewing the evidence in the light most favorable
to Plaintiff, the Court finds no reasonable juror could conclude
that Defendants' conduct constituted deliberate indifference to a
substantial risk of harm to Plaintiff's health or safety.
Plaintiff, therefore, has not established Defendants violated
Plaintiff's rights under the Eighth Amendment when they held him
for a week in segregation pending investigation and a hearing.

13 - OPINION AND ORDER

**C.      Plaintiff has not established Defendants' alleged failure to provide him with medical care for three days during his segregation violated his rights under the Eighth Amendment.**

Plaintiff contends Defendants failed to provide him with medical care for three days while he was in segregation.

Deliberate indifference to serious medical needs is a cognizable claim for violation of the Eighth Amendment proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *See also Actkinson v. Vargo*, 284 F. App'x 469, 472 (9th Cir. 2008). A serious need for medical treatment exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)(citing *Gamble*, 429 U.S. at 104). *See also Actkinson*, 284 F. App'x at 472 (same). A prisoner has a serious need for medical treatment when he has an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, a medical condition that significantly affects his daily activities, or chronic and substantial pain. *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)(citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990), and *Hunt v. Dental Dep't*, 865 F.2d 198, 200-01 (9th Cir. 1989)).

Before he can establish deliberate indifference on the
part of prison officials, a plaintiff must show:  (1) prison
officials purposefully ignored or failed to respond to the
prisoner's pain or possible medical need and (2) the denial of
medical care to the plaintiff by prison officials was harmful.
*Jett*, 439 F.3d at 1096.  *See also McGuckin*, 974 F.2d at 1060.
Deliberate indifference may be established by showing that prison
officials deny, delay, or intentionally interfere with medical
treatment or it may be demonstrated by the way prison officials
provide medical care.  *Jett*, 439 F.3d at 1096.  *See also
McGuckin*, 974 F.2d at 1062 (a delay of seven months in providing
medical care to a plaintiff whose medical condition was left
virtually untreated and the plaintiff was forced to endure
"unnecessary pain" is sufficient to present a colorable
§ 1983 claim); *Hunt*, 865 F.2d at 201 (it could be reasonably
concluded a delay of three months in providing dentures to an
inmate suffering serious dental problems was more than an
isolated occurrence of neglect and that the delay was
deliberate).

"Mere negligence in diagnosing or treating a medical
condition, without more, does not violate a prisoner's Eighth
Amendment rights."  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th
Cir. 2004)(citation omitted).  *See also Williams v. Ayers*,
217 F. App'x 647 (9th Cir. 2007)(same).  In addition, a mere

15 - OPINION AND ORDER

difference of opinion between a prisoner and prison medical
authorities regarding treatment does not give rise to a claim
under § 1983 for inadequate medical treatment. *Sanchez v. Vild*,
891 F.2d 240, 242 (9th Cir. 1989). *See also Hightower v.
Schwarzenegger*, No. 07-16522, 2009 WL 119792, *1 (9th Cir.
Jan. 15, 2009)(same).

      The record reflects Defendants are not medical
staff and are not in any way responsible for administering or
monitoring a prisoner's need for medical treatment. "'Liability
under section 1983 arises . . . upon a showing of personal
participation by the defendant'" in the alleged constitutional
deprivation. *Manning v. Ryan*, 356 F. App'x 950, 951 (9th Cir.
2009)(quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.
1989)). In addition, even though Plaintiff alleges he was not
given medical treatment, he does not state how such a delay
injured him. Plaintiff also does not articulate what other
medical care, if any, was allegedly required during the time he
was in segregation.

      Viewing the evidence in the light most favorable
to Plaintiff, the Court finds no reasonable juror could conclude
on this record that Defendants' conduct constituted deliberate
indifference to a substantial risk of harm to Plaintiff's health
or safety. Plaintiff, therefore, has not established Defendants
violated Plaintiff's rights under the Eighth Amendment.

16 - OPINION AND ORDER

Accordingly, the Court grants Defendant's Motion

for Summary Judgment as to Plaintiff's Eighth-Amendment claim.

**IV.    Plaintiff's tort claims.**

Although it is not clear from his Complaint, Plaintiff

appears to assert at least two state-law tort claims:  defamation

and personal injury.  Defendants seek summary judgment on any

state-law claims by Plaintiff on the grounds that (1) the Court

must substitute the State of Oregon for the individual Defendants

in Plaintiff's state-law claims pursuant to the Oregon Tort

Claims Act (OTCA) and (2) any state-law claims against the State

of Oregon brought by Plaintiff in federal court are barred under

the Eleventh Amendment.  The Court agrees.

The OTCA provides in pertinent part:

> [E]very public body is subject to action or suit
> for its torts and those of its . . . employees
> . . . acting within the scope of their employment
> or duties. . . .  The sole cause of action for any
> tort of . . . employees . . . of a public body
> acting within the scope of their employment or
> duties . . . shall be an action against the public
> body only.  The remedy provided by ORS 30.260 to
> 30.300 is exclusive of any other action or suit
> against any such . . . employee . . . of a public
> body whose act or omission within the scope of the
> . . . employee's . . . employment or duties gives
> rise to the action or suit.  No other form of
> civil action or suit shall be permitted.  If an
> action or suit is filed against an officer,
> employee or agent of a public body, . . . the
> public body shall be substituted as the only
> defendant.

Or. Rev. Stat. § 30.265(1).  Accordingly, the Court must

substitute the State of Oregon as the proper Defendant in

17 - OPINION AND ORDER

Plaintiff's state-law claims.

The Eleventh Amendment provides:  "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  Although the Eleventh Amendment does not bar actions against a state by its own citizens on its face, courts have consistently held an unconsenting state is immune from actions brought in federal courts by her own citizens as well as by citizens of another state.  *Mayweathers v. Newland* 314 F.3d 1062, 1069 (9th Cir. 2002).  *See also Bethel Native Corp. v. Dep't of Interior*, 208 F.3d 1171, 1173 (9th Cir. 2000) (same).  In addition, the Supreme Court has held actions against state officials acting in their official capacities are equivalent to actions against the state itself and, therefore, raise the same Eleventh Amendment concerns as actions against the state.  *Chew v. Gates*, 27 F.3d 1432, 1446 n.15 (9th Cir. 1994) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985)).

There are two exceptions to a state's sovereign immunity: when (1) Congress has validly abrogated that immunity or (2) a state has expressly consented to the suit.  *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985).  *See also Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473-74 (1987)(recognizes two exceptions to Eleventh Amendment bar).  The

Supreme Court has made clear that Congress did not abrogate the states' Eleventh-Amendment immunity by enacting § 1983 or by granting federal courts supplemental jurisdiction over state-law claims in 28 U.S.C. 5 l367(a). *See Quern v. Jordan*, 440 U.S. 332, 341 (1979). *See also Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541-42 (2002). Congress, therefore, has not done anything to abrogate the State of Oregon's immunity to Plaintiffs state-law claims. In addition, the State of Oregon has not consented to be sued or done anything to waive its immunity in this action. *See Edelman v. Jordan*, 41 5 U.S. 651, 673 (1974)("[W]e will find waiver only where stated by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction."). Although the OTCA waives the State of Oregon's immunity to actions in state court, it is not a waiver of Eleventh Amendment immunity. *Estate of Pond v. Oregon*, 322 F. Supp. 2d 161, 165 (D. Or. 2004). *See also Ctr. for Legal Studies, Inc. v. Lindley*, 64 F. Supp. 2d 970, 974 (D. Or. 1999).

The Court, therefore, concludes Plaintiff's state-law claims against Defendants are barred by the Eleventh Amendment. Accordingly, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's state-law claims.

## <u>CONCLUSION</u>

For these reasons, the Court **GRANTS** Defendants' Motion (#29) for Summary Judgment and **DISMISSES** this matter **with prejudice.**

IT IS SO ORDERED.

DATED this 4th day of January, 2011.


/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge